**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IOWA LABORERS' DISTRICT COUNCIL HEALTH AND WELFARE TRUST FUND; <br><br>TRUSTEES of the IOWA LABORERS' DISTRICT COUNCIL HEALTH AND WELFARE TRUST FUND; <br><br>LABORERS' NATIONAL PENSION FUND; <br><br>TRUSTEES of the LABORERS' NATIONAL PENSION FUND <br><br>                        Plaintiffs, <br><br>v. <br><br>CALACCI CONSTRUCTION CO., INC. <br><br>                        Defendant. | Case No. 3:20-cv-00079 |

**COMPLAINT**

**NATURE OF THE CASE**

1. This Complaint brings an action to collect delinquent fringe benefit contributions from Defendant that are due and owing pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and pursuant to collective bargaining agreement(s) (hereinafter "CBAs") with the Plaintiffs.

**PARTIES**

2. Plaintiff Iowa Laborers' District Council Health and Welfare Fund (hereinafter "Plaintiff Health and Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2415 Ingersoll Avenue, Des Moines, Iowa 50312. Plaintiff Health and Welfare Fund is a legal entity which may sue or be sued pursuant to 29 U.S.C. § 1132(d). The Trustees of the Iowa Laborers' District Council

1

Health and Welfare Fund are a proper party to this action based on their official capacity and fiduciary duties to the Fund, including the collection of contributions due to the Fund.

3. Plaintiff Laborers' National Pension Fund (hereinafter "Plaintiff Pension Fund) is an "employee benefit plan" within the meaning of 29 U.S.C. §1002(3) and maintains its principal place of administration at 14140 Midway Rd, # 105, Dallas, Texas 75244. Plaintiff Pension Fund is a legal entity which may sue or be sued pursuant to 29 U.S.C. § 1132(d). The Trustees of the Laborers' National Pension Fund are a proper party to this action based on their official capacity and fiduciary duties to the Fund, including the collection of contributions due to the Fund.

4. Defendant Calacci Construction Co., Inc. (hereinafter "Defendant" or "the Company") is a corporation organized and existing under the laws of the State of Iowa, and is an employer within the meaning of 29 U.S.C. § 1002(5). Defendant maintains its principle place of business at 2881 Independence Road, Iowa City, Iowa 52244.

## JURISDICTION

5. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§185(c), 1132, and 1145; and also pursuant to 28 U.S.C. §§ 1331 and 1367(a).

6. Venue is appropriate in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because Plaintiff Iowa Laborers District Council Health and Welfare Trust Fund is administered in the State of Iowa, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of Iowa, and because the Defendant's principal place of business is in Iowa City, Iowa.

## CAUSE OF ACTION – DELINQUENT CONTRIBUTIONS

7. Plaintiffs hereby incorporate by reference paragraphs 1 through 6 above as if set forth fully herein.

8. At all times relevant to this action, Defendant has been signatory to several collective bargaining agreements (hereinafter "CBAs") which require contributions to the Plaintiff Funds.

9. Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust (hereinafter "Trust Agreements"). These Trust Agreements are incorporated by reference into, and are a material part of, the CBA's to which Defendant is signatory.

10. Among other duties, Defendant is obligated under the CBAs and incorporated trust documents to timely submit reports and fringe benefit contributions to the Plaintiff Funds each month, in such amounts as determined by the hours of covered work performed by Defendant's employees, at the rates established under the CBAs and incorporated Trust Agreements.

11. The CBAs and incorporated Trust Agreements further provide that the Plaintiff Funds are entitled to perform periodic audits of the Defendant's payroll records and other documents to ensure compliance with the reporting and contribution requirements under the CBAs.

12. The CBAs and incorporated Trust Agreements provide that in an action brought by the Funds to enforce compliance with the CBAs, the Plaintiff Funds are entitled to collect all unpaid contributions, interest on such unpaid contributions, liquidated damages, reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the Court deems appropriate.

13. In or around July 2020, Patrick Heller with the Employee Fringes Auditing Company completed an audit of Defendant's payroll records for the time period of January 2019 through March 2020 (hereinafter the "Audit Period").

14. The Audit revealed that Defendant failed to report and/or under-reported hours of covered work performed by its employees during the audit period, and thus failed to make required contributions to the Plaintiff Funds for such hours.

15. As revealed by the Audit, Defendant is liable to the Plaintiff Health and Welfare Fund in the total amount of $63,660.96, including $10,610.17 in liquidated damages.

16. Additionally, as revealed by the Audit, Defendant is liable to the Plaintiff Pension Fund in the total amount of $49,838.37, including $8,285.11 in liquidated damages.

17. Defendant has been informed of the results of the Audit and the above delinquency. However, to date, Defendant has failed to remedy the above delinquent contributions.

18. Pursuant to the CBAs, the Plaintiff Funds are entitled to collect interest on the above delinquent contributions.

19. The Plaintiff Funds are further entitled to recover attorneys' fees and costs pursuant to the terms of the CBAs, the incorporated Trust Agreements, and by law. The Plaintiff Funds have incurred and will continue to incur attorneys' fees and other costs in their efforts to collect the above delinquent contributions.

20. The Plaintiff Funds are further entitled to collect any and all amounts which may become due and owing by Defendant for work performed during the pendency of this action, for which Defendant may fail to remit reports and or contributions to the Plaintiff Funds.

WHEREFORE, Plaintiffs pray that the Court enter an Order:


13. In or around July 2020, Patrick Heller with the Employee Fringes Auditing Company completed an audit of Defendant's payroll records for the time period of January 2019 through March 2020 (hereinafter the "Audit Period").

14. The Audit revealed that Defendant failed to report and/or under-reported hours of covered work performed by its employees during the audit period, and thus failed to make required contributions to the Plaintiff Funds for such hours.

15. As revealed by the Audit, Defendant is liable to the Plaintiff Health and Welfare Fund in the total amount of $63,660.96, including $10,610.17 in liquidated damages.

16. Additionally, as revealed by the Audit, Defendant is liable to the Plaintiff Pension Fund in the total amount of $49,838.37, including $8,285.11 in liquidated damages.

17. Defendant has been informed of the results of the Audit and the above delinquency. However, to date, Defendant has failed to remedy the above delinquent contributions.

18. Pursuant to the CBAs, the Plaintiff Funds are entitled to collect interest on the above delinquent contributions.

19. The Plaintiff Funds are further entitled to recover attorneys' fees and costs pursuant to the terms of the CBAs, the incorporated Trust Agreements, and by law. The Plaintiff Funds have incurred and will continue to incur attorneys' fees and other costs in their efforts to collect the above delinquent contributions.

20. The Plaintiff Funds are further entitled to collect any and all amounts which may become due and owing by Defendant for work performed during the pendency of this action, for which Defendant may fail to remit reports and or contributions to the Plaintiff Funds.

WHEREFORE, Plaintiffs pray that the Court enter an Order:

(1) Finding that Defendant is liable to Plaintiffs and entering judgment against Defendant and in favor of Plaintiffs accordingly;

(2) Finding that Defendant is liable to the Plaintiff Health and Welfare Fund in the amount of $63,660.96, plus any interest and/or liquidated damages which shall accrue during the pendency of this action;

(3) Finding that Defendant is liable to the Plaintiff Pension Fund in the amount of $49,838.37, plus any interest and/or liquidated damages which shall accrue during the pendency of this action;

(4) Ordering Defendant to pay for any and all amounts that are determined to be due and owing for covered work performed since March 2020 to present, and for subsequent months following the filing of this action for which Defendant may fail to submit reports and contributions, plus liquidated damages, interest, and other damages as may be determined to be due;

(5) Awarding Plaintiffs their costs of this action and reasonable attorneys' fees attributable to the collecting of all delinquent contributions, liquidated damages, and/or interest found to be due and owing to Plaintiffs; and

(6) Granting Plaintiffs such other relief that the Court deems just and proper.

Respectfully Submitted,

/s/ Michael E. Amash
Michael E. Amash
Iowa Bar # AT0011604
753 State Ave, Suite 475
Kansas City, KS 66101
Phone: (913)321-8884
Fax: (913)321-2396
Email: mea@blake-uhlig.com