## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

IOWA LABORERS' DISTRICT COUNCIL )
HEALTH AND WELFARE TRUST FUND, et al., )
                                       )
            Plaintiffs,                )
                                       )
v.                                     )        Case No. 3:20-cv-00079
                                       )
CALACCI CONSTRUCTION CO., INC.         )
                                       )
            Defendant.                 )

## MOTION FOR DEFAULT JUDGMENT

Plaintiffs, by and through their counsel of record, herby move the Court for an Order of

Default Judgment against Defendant Calacci Construction Co., Inc. (hereinafter "Defendant" or

"Calacci"), and in favor of the Plaintiffs, pursuant to Rule 55(b) of the Federal Rules of Civil

Procedure. In support of this motion, Plaintiffs state:

1.      The above-captioned action was filed with the Clerk of the District Court on

September 24, 2020, and sets forth a claim for monetary damages to remedy Defendant's failure

to make fringe benefit contributions on behalf of its employees to the Plaintiff Funds under §§

502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§

1132 and 1145.

2.      The Plaintiffs are multi-employer employee benefit plans established and

operated pursuant to ERISA, and the duly appointed and acting Trustees of those plans.

3.      Defendant is a corporation organized and existing under the laws of the State of

Iowa. As such, Defendant is not an infant, incompetent, or a member of the armed services of the

United States.

4.      Defendant's owner and authorized agent, John Calacci, was served with

Summons and Complaint on October 12, 2020, as more fully reflected in the return of service

1

filed in this action. [Doc. # 4].

5.     More than twenty-one (21) days have elapsed since service was effectuated on Defendant.

6.     Defendant has failed to plead or otherwise appear or respond to defend this action.

7.     On November 12, 2020, the Clerk of this Court entered default against Defendant. [Doc. # 6].

8.     At all times relevant hereto, Defendant has been a party to one or more collective bargaining agreements with the Laborers International Union of North America, Local 177, as well as the Ironworkers Local 67, which require contributions to the Plaintiff Funds. *See* Exhibit A, Affidavit of James Gallery; *See also* Exhibit B, Affidavit of Patrick Heller.

9.     Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of Trust, which are incorporated by reference into and are a material part of the collective bargaining agreement(s) to which Defendant is signatory. *See* Exhibit A, Affidavit of James Gallery; *See also* Exhibit B, Affidavit of Patrick Heller.

10.     Defendant is obligated under the collective bargaining agreement(s) to timely remit reports and fringe benefit contributions to the Funds, in such amounts as determined by the number of hours of covered work performed by Defendant's employees, at the rates established for each of the Funds in the collective bargaining agreement(s). *See* Exhibit A, Affidavit of James Gallery; *See also* Exhibit B, Affidavit of Patrick Heller. Such reports are required to be completed and remitted by the Defendant monthly, and must set forth the number of hours of covered work performed, as well as the amounts owed to each of the Plaintiff Funds, based on the applicable contribution rate. *See* Exhibit A, Affidavit of James Gallery; *See also* Exhibit B, Affidavit of Patrick Heller.

11.    The collective bargaining agreement(s) and incorporated Trust Agreements provide that the Plaintiff Funds are entitled to perform periodic audits of the Defendant's payroll records to ensure compliance with the reporting and contribution requirements under the collective bargaining agreement(s). *See* Exhibit A, Affidavit of James Gallery; *See also* Exhibit B, Affidavit of Patrick Heller.

12.    Under ERISA and the collective bargaining agreement(s), in an action to recover delinquent contributions due and owing to the Funds, the Funds are entitled to collect all principal contributions owed, as well as interest, liquidated damages at the rate of twenty percent (20%), and reasonably attorneys' fees and costs of the action. *See* 29 U.S.C. § 1132; *See also* Exhibit A, Affidavit of James Gallery; *See also* Exhibit B, Affidavit of Patrick Heller.

13.    In July 2020, Funds Auditor Patrick Heller, with the Employee Fringes Auditing Company, completed an audit of Defendant Calacci's payroll records for the time period of January 2019 through March 2020 (hereinafter the "Audit Period"). *See* Exhibit A, Affidavit of James Gallery; *See also* Exhibit B, Affidavit of Patrick Heller.

14.    The audit revealed that Defendant Calacci failed to report and/or under-reported hours of covered work performed by its employees during the audit period, and thus failed to make required contributions to the Plaintiff Funds for such hours. *See* Exhibit A, Affidavit of James Gallery; *See also* Exhibit B, Affidavit of Patrick Heller.

15.    As revealed by the audit, Defendant under-reported and/or failed to remit contributions owed to the Plaintiff Health and Welfare Fund for the time period of January 2019 through March 2020, in the total amount of $63,660.96, including $10,610.17 in liquidated damages. *See* Exhibit A, Affidavit of James Gallery; *See also* Exhibit B, Affidavit of Patrick Heller.

16.     The Audit further revealed that Defendant under-reported and/or failed to remit contributions to the Plaintiff Pension Fund in the total amount of $49,838.37, including $8,285.11 in liquidated damages. *See* Exhibit A, Affidavit of James Gallery; *See also* Exhibit B, Affidavit of Patrick Heller.

17.     Defendant was informed of the results of the Audit and the above delinquencies. However, to date, Defendant has failed to make any payments to remedy the above delinquent contributions. *See* Exhibit A, Affidavit of James Gallery.

18.     As set forth more fully in the audit report attached hereto, interest has accrued on such delinquent contributions in the total amount of $25,694.76. *See* Exhibit B, Affidavit of Patrick Heller.

19.     As set forth in the attached Affidavit and billing statement, the Plaintiffs' reasonable attorneys' fees in this action are $3,505.75, and the total costs are $587.50. Exhibit C, Affidavit of Michael E. Amash.

20.     Thus, judgment by default in the sum of $145,105.70 should be entered in favor of the Plaintiff Funds and against Defendant. The Judgment amount breaks down as follows:

| | | |
|---|---|---|
| Principal Contributions: | $ | 96,422.41 |
| Liquidated Damages: | $ | 18,895.28 |
| Interest: | $ | 25,694.76 |
| Attorneys' Fees: | $ | 3,505.75 |
| Costs: | $ | 587.50 |
| **TOTAL:** | **$** | **145,105.70** |

21.     Following the audit, and during the pendency of this action, Defendant Calacci has failed to remit reports and/or contributions to the Plaintiff Funds, from the time period of

April 2020 to present. *See* Exhibit A, Affidavit of James Gallery. The Plaintiff Funds have a good-faith belief that Defendant Calacci has performed and/or is currently performing work covered by collective bargaining agreements which require contributions to the Plaintiff Funds, for which it is not remitting contributions to the Plaintiff Funds. *See* Exhibit A, Affidavit of James Gallery. 22.    Under ERISA, a court may provide for other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2)(E). Such relief may include an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records to determine amounts which have become due and owing during the pendency of an action to collect delinquent contributions. *Int'l Painters and Allied Trades Industry Pension Fund v. R.W. Amrine Drywall Co.*, 239 F.Supp.2d 26, 31 (D.D.C. 2002); *See also, e.g., Trustees of IBEW Local 405 Health & Welfare Fund v. Affordable Elec., Inc.*, No. 08-CV-117-LRR, 2009 WL 54559 at *9 (N.D. Iowa 2009)(unpublished in F.Supp.2d)(granting a plaintiff fund's requested injunction in motion for default judgment requiring defendant to cooperate with an audit of its books and records to determine whether defendant owed additional contributions under the applicable collective bargaining agreement).

22.    Because Plaintiff's have a good-faith belief that Defendant owes additional contributions to the Plaintiff Funds for the time period of April 2020 to present, the Court should grant an injunction requiring Defendant Calacci to cooperate in an audit of its books and records from March 2020 to present, to determine the amount of contributions due and owing to the Plaintiff Funds.

WHEREFORE, Plaintiffs pray that the Court enter Default Judgment against Defendant Calacci and in favor of the Plaintiffs in the amount of $145,105.70, and enter an injunction requiring Defendant Calacci to cooperate in an audit of its books and records from March 2020

to present, to determine the amount of contributions due and owing to the Plaintiff Funds for that time period.

Respectfully submitted,

**BLAKE & UHLIG, P.A.**

/s/ Michael E. Amash
Michael E. Amash
Iowa Bar # AT0011604
753 State Ave, Suite 475
Kansas City, KS 66101
Phone: (913)321-8884
Fax: (913)321-2396
Email: mea@blake-uhlig.com

**ATTORNEYS FOR PLAINTIFFS**